UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE L. TOVAR,

    *Plaintiff*,

v.

DEPARTMENT OF JUSTICE, et al.,

    *Defendants*.

Civil Action No. 1:24-cv-1413 (CJN)

## ORDER

Jose Tovar, a federal prisoner, initiated this FOIA action against the DEA after it denied his FOIA request for records about himself. But Tovar did not exhaust his administrative remedies before filing suit, so the Court will grant the DEA's motion for summary judgment.[1] *See* ECF No. 13 (Mot.).

By a letter dated January 19, 2024, Tovar submitted a FOIA request to the DEA that sought "[a]ny and all records related to Jose L. Tovar . . . between the years 2008 to 2024," and "[a]ll records related to the investigation, prosecution or conviction of Jose L. Tovar in" criminal "case no. 7:12-cr-00964 (S.D. Tx. 2012)."[2] ECF No. 13-3 at 1. The DEA responded to Tovar's

---

[1] The DEA's motion is styled as a "motion to dismiss, or in the alternative, motion for summary judgment." Mot. at 1. Because materials outside of the pleadings are essential to the DEA's sole argument (on exhaustion), and the Court has considered those materials in reaching its ruling, the Court will treat the DEA's motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

[2] Tovar submitted similar FOIA requests to the FBI and the Executive Office for United States Attorneys (EOUSA), and likewise sued both agencies in this action. ECF No. 1 (Compl.) ¶¶ 7–10. The EOUSA and FBI answered Tovar's complaint. *See* ECF No. 14. Their most recent status report reflects that the EOUSA has completed processing Tovar's request and that the FBI's records search is ongoing—although the FBI has asserted a partial *Glomar* response. *See* ECF No. 20.

1

request via a letter dated February 28, 2024, and explained that "[a] determination ha[d] been made to deny [the] request pursuant to subsections of the FOIA."[3] ECF No. 13-4 at 1. DEA further explained that, if Tovar was "not satisfied with [its] determination," he could "administratively appeal" within 90 days "by writing to the Director, Office of Information Policy (OIP), United States Department of Justice" or by "submit[ting] an appeal through OIP's FOIA STAR portal." *Id.* at 2. Tovar admits that he received a copy of the DEA's final determination letter, but contests that it was *mailed* on February 28, 2024. *See* ECF No. 18 (Opp.) at 3–4, 18.

By letter postmarked April 24, 2024, Tovar resubmitted his January 19, 2024 FOIA request. ECF No. 13-2 (Davis Decl.) ¶ 9. The DEA deemed the second request a duplicate and did not act on it. *Id.* Then, on May 2, 2024, Tovar filed his complaint in this matter. ECF No. 1 (Compl.). At no point did Tovar appeal the DEA's earlier final determination letter. Davis Decl. ¶ 10.

That omission was fatal to Tovar's claim here against the DEA. FOIA generally requires an agency to respond to a request within 20 business days after receiving it, and then to make a "determination with respect to any appeal" within 20 business days after one is filed. *See* 5 U.S.C. §§ 552(a)(6)(A)(i), (ii). If the agency fails to comply with those time limits, a requester "shall be deemed to have exhausted his administrative remedies," *id.* § 552(a)(6)(C)(i), and is entitled to "immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990). But if a requester

---

[3] The body of the DEA's letter did not state which FOIA subsection its denial rested on. ECF No. 13-4 at 1–2. But in an attachment entitled "Applicable Sections of the Freedom of Information and/or Privacy Act," DEA ticked the box next to 5 U.S.C. § 552a(j)(2), which permits the nondisclosure of certain records "pertaining to the enforcement of criminal laws." *Id.*; ECF No. 13-4 at 3–4.

"chose[s] to wait past the [20-day] period until the agency has responded" to file suit, "the requester must his exhaust his administrative remedies before seeking judicial review." *Id.* At that point, the agency's noncompliance with the statutory deadline is irrelevant. *Id.* at 65.

Here, Tovar does not contest that the DEA responded to his FOIA request before he filed suit: he argues only that the DEA did not respond "within 20 business days of the date that the DEA received [his] FOIA request." Opp. at 4; *see also id.* at 17 ("Plaintiff disputes that his [FOIA request] was 'postmarked January 30, 2024.' Plaintiff asserts that his FOIA request was received by the DEA by January 22, 2024."); *id.* at 18 ("Plaintiff admits that at some <u>unknown date</u> a hard copy of the agency's final determination letter, dated February 28, 2024, was mailed to him at FCI Englewood. Plaintiff denies that said letter was <u>mailed</u> to him on February 28, 2024."). But as just discussed, "an administrative appeal is mandatory" as long as "the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed." *Oglesby*, 920 F.2d at 63. Again, there is no question that happened here; the date on which it happened (so long as it was before May 2, 2024) is irrelevant. And Tovar concedes that he did not file the requisite administrative appeal. ECF No. 13-1 ¶ 9; Opp. at 4, 18. There thus is no genuine dispute that Tovar failed to administratively exhaust with respect to his request to the DEA before filing his complaint, making any discovery futile.[4] *See* Fed. R. Civ. P. 56.

Accordingly, it is

---

[4] In his opposition, Tovar asserts that "DEA concedes that it did not comply with 5 U.S.C.[] § 552(a)(6)(A)(i) by communicating a determination within 20 working days of [his] [second] FOIA [r]equest . . . postmarked April 24, 2024." Opp. at 5. But even assuming DEA was required to respond to that request, which was identical to the first, *compare* ECF No. 13-3 *with* ECF No. 13-5, Tovar filed suit over it prematurely. Tovar filed his complaint only 8 days after submitting his second request, making that request unexhausted too. *See* Compl; 5 U.S.C. §§ 552(a)(6)(A)(i), (C)(i).

3

**ORDERED** that the DEA's Motion for Summary Judgment, ECF No. 13, is **GRANTED**; and it is further

**ORDERED** that the DEA shall be DISMISSED from this case.

DATE:  May 15, 2025

_____
CARL J. NICHOLS
United States District Judge